1 ADAM S. HAMBURG, Bar No. 247127
  ahamburg@pnbd.com
2 PRENOVOST, NORMANDIN, BERGH & DAWE
  A Professional Corporation
3 2122 North Broadway, Suite 200
  Santa Ana, California 92706-2614
4 Phone No.:    (714) 547-2444
  Fax No.:      (714) 835-2889
5     8150.0065

6 Attorneys for FIRESIDE BANK, a California corporation

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 GREAT AMERICAN INSURANCE          ) Case No. C08-04639 MMC ADR
   COMPANY, an Ohio corporation,     ) Assigned to: Hon. Maxine M. Chesney, Judge
12                                    )
                  Plaintiff,          )
13                                    )
   v.                                 )
14                                    ) STIPULATION FOR RELEASE OF FUNDS
   BANK OF STOCKTON, a California     ) AND DISMISSAL; AND ORDER THEREON
15 corporation; GERALD THORP an individual; )
   WESTLAKE SERVICES, INC., a California )
16 corporation dba WESTLAKE FINANCIAL )
   SERVICES; DEALER SERVICES          )
17 CORPORATION, a Delaware corporation; )
   JOHN J. FERRAIOLO, SR. Individually and dba )
18 AUTO FACTORY; WIND RIVER          )
   ENTERPRISES, INC., a California corporation )
19 dba NORTH BAY AUTO AUCTION;       )
   CALIFORNIA DEPARTMENT FO MOTOR    )
20 VEHICLES, a California state agency; )
   CALIFORNIA BOARD OF EQUALIZATION, a )
21 California state agency; MANHEIM'S BAY )
   CITIES AUTO AUCTION, entity unknown, )
22 FIRESIDE BANK, a California corporation, and )
   DOES 1-10, inclusive,             )
23                                    )
                  Defendants.         )
24                                    )
                                      )
25 _____     )

26 ///

27 ///

28 ///

                                 1
STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON
I:\DOCS\8150\065\Pld 002 Stipulation.wpd

THIS STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL ("Stipulation") is made by and among GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation ("GAIC"); BANK OF STOCKTON, a California corporation ("STOCKTON"); GERALD THORP an individual ("THORP"); WESTLAKE SERVICES, INC., a California corporation dba WESTLAKE FINANCIAL SERVICES ("WESTLAKE"); JOHN J. FERRAIOLO, SR. Individually and dba AUTO FACTORY ("AUTO FACTORY"); WIND RIVER ENTERPRISES, INC., a California corporation dba NORTH BAY AUTO AUCTION ("WIND RIVER"); MANHEIM'S BAY CITIES AUTO AUCTION ("MANHEIM"); FIRESIDE BANK, a California corporation ("FIRESIDE"); and the CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, ( the "DMV")(collectively the "Parties") as follows:

**1.    RECITALS**.

1.1    Whereas, disputes have arisen between the Parties to this Stipulation which are reflected in the Second Amended Complaint in Interpleader filed in the United States District Court, Northern District of California as case number 08-4639-MMC by Plaintiff GAIC, which alleged, among other things, that STOCKTON, THORP, WESTLAKE, AUTO FACTORY, WIND RIVER, MANHEIM, FIRESIDE and the DMV, have made claims against that certain Surety Bond of Dealer # 397-89-17-985044 ("Bond") issued by GAIC pursuant to the California *Vehicle Code* § 11710 *et seq.*, in which THEODORE THOMAS KEVIN RIVAS dba BRIDGESIDE MOTORS is named as principal.  The allegations of the Second Amended Complaint are incorporated by reference herein for informational purposes only.  Whereas, a further and related dispute has arisen between STOCKTON and AUTO FACTORY which is reflected in STOCKTON's Answer to Second Amended Complaint in Interpleader and Cross-claim filed in the case, which alleged, among other things, that STOCKTON is entitled to recovery based on rescission of an agreement entered into with AUTO FACTORY. The allegations of the Cross-claim are incorporated by reference herein for informational purposes only.

1.2    Whereas each Party to these disputes has denied, and continues to deny, the material allegations and claims of the other Parties against it.

1.3    Whereas, the Bond amount is $50,000.00.

///

///

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\065\Pld 002 Stipulation.wpd

1.4    Whereas, the Parties agree that GAIC is entitled to recover its attorney's fees and costs from the Bond corpus pursuant to *Code of Civil Procedure* § 386.6, and has incurred attorney's fees and costs in the amount of $7,500.00. After deducting GAIC's fees and costs, the balance remaining on the Bond is $42,500.00.

1.5    Whereas, the Parties agree that for the sole purpose of disbursing the Bond, the following multipliers will be used to calculate the Parties' respective shares of the Bond. Additionally, the claim amounts set forth below represent the adjusted claim amounts after applying the multiplier.

A.    AUTO FACTORY, MANHEIM AND WIND RIVER's claims are subject to a multiplier of 1.

B.    FIRESIDE, WESTLAKE, and BANK OF STOCKTON's claims are subject to a multiplier of 1.25.

C.    THORP's claim is subject to a multiplier of 1.5.

1.6    Whereas, STOCKTON's adjusted claim is in the amount of $21,612.50;

1.7    Whereas, WESTLAKE's adjusted claim is in the amount of $34,347.50;

1.8    Whereas, WIND RIVER's claim is in the amount of $7,670.00;

1.9    Whereas, FIRESIDE's adjusted claim is in the amount of $63,175.00;

1.10    Whereas, AUTO FACTORY's claim is in the amount of $26,760.00;

1.11    Whereas, THORP's adjusted claim is in the amount of $11,518.50;

1.12    Whereas, MANHEIM's claim is in the amount of $30,835.81; and

1.13    Whereas, the DMV's claim is in the amount of $865.00.

1.14    Whereas, all other claimants have either been defaulted or dismissed from the action.

**2.    NOW, THEREFORE, IN VIEW OF THE FOREGOING AND FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

2.1    Each party hereto agrees that GAIC shall receive its attorney's fees and costs in the full amount of $7,500.00.

2.2    Each party hereto agrees that pursuant to *Vehicle Code* § 11711, the DMV shall receive its full claim in the amount of $865.00.

3

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\065\Pld 002 Stipulation.wpd

2.3     Each party hereto agrees and stipulates that the remaining balance of the Bond in the amount of $41,635.00 shall be paid and released to the Parties and to no others in full satisfaction of each's Bond claim as follows:

    a.     STOCKTON shall receive 11% of the Bond balance in the amount of: $4,592.91;

    b.     WESTLAKE shall receive 17% of the Bond balance in the amount of: $7,299.25;

    c.     WIND RIVER shall receive 4% of the Bond balance in the amount of: $1,629.97;

    d.     FIRESIDE shall receive 32% of the Bond balance in the amount of: $13,425.43;

    e.     AUTO FACTORY shall receive 14% of the Bond balance in the amount of: $5,686.82;

    f.     THORP shall receive 6% of the Bond balance in the amount of: $2,447.82; and

    g.     MANHEIM shall receive 16% of the Bond balance in the amount of: $6,552.80.

2.4     AUTO FACTORY shall pay $7,700.00 by check or money order payable to "Bank of Stockton" and hand-delivered to the attorney of record for STOCKTON on or before June 12, 2009.

2.5     Upon payment of the Bond balance, the Parties hereto further stipulate and agree that the Second Amended Complaint shall be dismissed with prejudice. Within seven days of receipt of payment from AUTO FACTORY pursuant to Paragraph 2.4, STOCKTON shall dismiss the Cross-claim with prejudice.

2.6     The Parties agree that each party, with the exception of GAIC shall bear its own attorney's fees and costs in the litigation.

2.7     This Agreement is entered into by the Parties solely for the purpose of settling the Bond claims described in the Complaint and the Cross-claim filed by STOCKTON. It does not constitute, nor shall it be construed as an admission by any Party of the truth or validity of any allegations asserted.

**3.     RELEASE OF CLAIMS.**

3.1     For valuable consideration, receipt of which is hereby acknowledged, each of the Parties and their respective successors, assigns, agents, directors, officers, employees, representatives and attorneys hereby fully and expressly release and discharge the others and their respective successors, assigns, agents, directors, officers, employees, representatives and attorneys from all liability for all present and future rights, claims, demands and actions, known or unknown, any of them now have, or may hereafter have, against the other arising out of the disputes described above. Additionally, the Parties, expressly

4

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

acknowledge and agree that none of them would enter into this Stipulation but for the representation and warranty of the other that they are releasing any and all claims of any nature whatsoever, whether statutory or at common law, which any of them may believe any of them now has or could assert directly or indirectly against the other arising out of the circumstances alleged in the Complaint in Interpleader and the Cross-claim filed by STOCKTON.

3.2     The Parties hereto acknowledge that they may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the disputes and differences which lead to the execution of this Stipulation. The Parties agree that this Stipulation shall be, and remain, effective in all respects for all purposes, notwithstanding any such different or additional facts.

3.3     This Stipulation is entered into by the Parties solely for the purpose of settling the matters in dispute. It does not constitute, nor shall it be construed as an admission by any party of the truth or validity of any claims asserted.

3.4     The Parties, in executing this Stipulation, do not rely on any inducements, promises or representations made by the other party or their above-named successors or attorneys except as set forth herein.

3.5     THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE BEEN ADVISED BY THEIR RESPECTIVE LEGAL COUNSEL AND ARE FAMILIAR WITH THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES AS FOLLOWS:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

THE UNDERSIGNED, BEING AWARE OF SAID CODE SECTION, HEREBY EXPRESSLY WAIVES ANY RIGHTS THEY MAY HAVE THEREUNDER, AS WELL AS UNDER ANY OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT.

3.6     Each Party and each's respective successors, assigns, agents, directors, officers, employees, representatives and attorneys hereby fully and expressly release and discharge one another and each's respective successors, assigns, agents, directors, officers, parent company, affiliates, subsidiaries, employees,

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\065\Pld 002 Stipulation.wpd

representatives and attorneys from all liability for all present and future rights, claims, demands and actions, known or unknown, either of them now have, or may hereafter have, against one another arising out of the Complaint and the Cross-claim filed by STOCKTON.

3.7    The Parties hereto expressly state that the release described above shall inure to the benefit of the successors and assigns of one another and shall be binding upon the successors and assigns of one another.

**4.    THE PARTIES FURTHER REPRESENT, WARRANT AND COVENANT AS FOLLOWS:**

4.1    Each individual who is a signatory to this Stipulation warrants that he/she has the authority to enter into this Stipulation on behalf of himself or the legal entity that is a party to the Stipulation.  In the event that the party is a corporation, he/she represents that he/she is an authorized agent of the corporation and further, that the corporation has complied with all corporate formalities necessary to bind the corporation to the terms of this Stipulation.

4.2    Each Party to this Stipulation acknowledges that it has executed this Stipulation freely and that no claims or inducements have been extended to any of  them to execute this Agreement except as otherwise set forth herein.

4.3    Each Party to this Stipulation acknowledges, warrants and represents that none of them has assigned its claim hereunder to any other third person or entity at or before the time of execution of this Stipulation.

4.4    Each Party to this Stipulation represents and understands that she/it has carefully read the Stipulation and understands the contents thereof, and agrees to the terms of this Stipulation without reservation of any kind.

4.5    Each Party has received or had the opportunity to receive independent legal advice from its attorneys, with respect to the advisability of making this transaction provided for herein, with respect to the advisability of executing this Stipulation.

4.6    This Stipulation shall be binding upon and inure to the benefit of the heirs, personal representatives, successors or assigns of the parties hereto.

///

6

1    4.7    This Stipulation constitutes the entire agreement between the Parties and cannot be modified
2    or supplemented except in writing.  Further, the terms of this Agreement shall supersede all prior or
3    contemporaneous communications, verbal or written, on the subject matter of this Agreement.

4    4.8    This Stipulation shall be governed and construed according to the law of the State of
5    California, and the parties hereto agree to submit to the jurisdiction of the Courts thereof.

6    4.9    The obligations, representations, warranties and other terms and conditions hereof, shall
7    survive the termination of this Stipulation, and shall be enforceable thereafter.

8    4.10    Each provision of this Stipulation shall be severable from each other provisions of this
9    Stipulation for the purpose of determining the legal and enforceability of each provision.

10    4.11    This Stipulation may be executed and delivered in any number of counterparts, each of which,
11    when executed and delivered, shall be original, and all of which together shall constitute the same
12    Agreement.  The parties agree that facsimile signatures shall be deemed the originals, and shall be fully
13    enforceable upon execution of all parties hereto.

14    4.12    The prevailing Party in any action or proceeding to interpret or enforce this Stipulation, or
15    any of its terms, shall be entitled, in addition to any judgment or award upon such action or proceeding, to
16    an award for all costs and expenses, including court costs and attorney's fees.

17

18    DATED: 6/8/09                          **GREAT AMERICAN INSURANCE COMPANY**

19

20                                           By_____

21                                           MARK A. VAUGHN, ESQ.
                                             Attorney for Great American
22    DATED:                                 **FIRESIDE BANK**

23

24                                           By_____

25

26

27                                           (signatures continue on next page)

28

7

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\065\Pld 002 Stipulation.wpd

4.7     This Stipulation constitutes the entire agreement between the Parties and cannot be modified or supplemented except in writing.  Further, the terms of this Agreement shall supersede all prior or contemporaneous communications, verbal or written, on the subject matter of this Agreement.

4.8     This Stipulation shall be governed and construed according to the law of the State of California, and the parties hereto agree to submit to the jurisdiction of the Courts thereof.

4.9     The obligations, representations, warranties and other terms and conditions hereof, shall survive the termination of this Stipulation, and shall be enforceable thereafter.

4.10    Each provision of this Stipulation shall be severable from each other provisions of this Stipulation for the purpose of determining the legal and enforceability of each provision.

4.11    This Stipulation may be executed and delivered in any number of counterparts, each of which, when executed and delivered, shall be original, and all of which together shall constitute the same Agreement.  The parties agree that facsimile signatures shall be deemed the originals, and shall be fully enforceable upon execution of all parties hereto.

4.12    The prevailing Party in any action or proceeding to interpret or enforce this Stipulation, or any of its terms, shall be entitled, in addition to any judgment or award upon such action or proceeding, to an award for all costs and expenses, including court costs and attorney's fees.


DATED:                                    **GREAT AMERICAN INSURANCE COMPANY**


                                          By_____


DATED: 6-10-2009                          **FIRESIDE BANK**


                                          By_____


                    (signatures continue on next page)

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\065\Pld 002 Stipulation.wpd

1   DATED:   6/08/09                    BANK OF STOCKTON

2

3                                       By

4

5   DATED:                              GERALD THORP, an individual

6

7

8                                       By_____

9

10  DATED:                              WESTLAKE SERVICES, INC., dba WESTLAKE
                                        FINANCIAL SERVICES
11

12

13                                      By:_____

14

15  DATED:                              JOHN J. FERRAIOLO, SR. dba AUTO FACTORY

16

17

18                                      By:_____

19  DATED:                              THE CALIFORNIA DEPARTMENT OF MOTOR
                                        VEHICLES
20

21

22                                      By_____   _____

23

24

25  DATED:                              WIND RIVER ENTERPRISES, INC. dba NORTH
                                        BAY AUTO AUCTION
26

27

28                                      By:_____

---

8

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
E:\DOCS\R1.50\065\Pld 002 Stipulation.wpd

1   DATED:                        BANK OF STOCKTON

2

3                                 By_____

4

5   DATED: 6/5/2009               GERALD THORP, an individual

6

7                                 By [signature]

8

9   DATED:                        WESTLAKE SERVICES, INC., dba WESTLAKE

10                                FINANCIAL SERVICES

11

12

13                                By:_____

14

15  DATED:                        JOHN J. FERRAIOLO, SR. dba AUTO FACTORY

16

17

18                                By:_____

19  DATED:                        THE CALIFORNIA DEPARTMENT OF MOTOR

20                                VEHICLES

21

22                                By_____

23

24  DATED:                        WIND RIVER ENTERPRISES, INC. dba NORTH

25                                BAY AUTO AUCTION

26

27

28                                By:_____

                                  8
**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

1    DATED:                          BANK OF STOCKTON

2

3                                    By_____

4

5    DATED:                          GERALD THORP, an individual

6

7

8                                    By_____

9
     DATED:  6/9/09                  WESTLAKE SERVICES, INC., dba WESTLAKE
10                                   FINANCIAL SERVICES

11

12                                   By:_____

13

14

15   DATED:                          JOHN J. FERRAIOLO, SR. dba AUTO FACTORY

16

17

18                                   By:_____

19   DATED:                          THE CALIFORNIA DEPARTMENT OF MOTOR
                                     VEHICLES
20

21

22                                   By_____

23

24
     DATED:                          WIND RIVER ENTERPRISES, INC. dba NORTH
25                                   BAY AUTO AUCTION

26

27

28                                   By:_____

---

                                    8

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

I:\DOCS\8150\065\Pld 002 Stipulation.wpd

DATED:                          BANK OF STOCKTON


                                By_____


DATED:                          GERALD THORP, an individual



                                By_____


DATED:                          WESTLAKE SERVICES, INC., dba WESTLAKE
                                FINANCIAL SERVICES



                                By:_____


DATED:                          JOHN J. FERRAIOLO, SR. dba AUTO FACTORY


                                By:~_____

6/9/09
DATED:                          THE CALIFORNIA DEPARTMENT OF MOTOR
                                VEHICLES



                                By_____


DATED:                          WIND RIVER ENTERPRISES, INC; dba NORTH
                                BAY AUTO AUCTION



                                By:_____

8

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\815\065\Pld 002 Stipulation.wpd

1   DATED:                          **BANK OF STOCKTON**

2

3                                   By_____

4

5   DATED:                          **GERALD THORP, an individual**

6

7                                   By_____

8

9   DATED:                          **WESTLAKE SERVICES, INC., dba WESTLAKE**
                                    **FINANCIAL SERVICES**
10

11

12                                  By:_____

13

14

15  DATED:                          **JOHN J. FERRAIOLO, SR. dba AUTO FACTORY**

16

17                                  By:_____

18

19  DATED: 8/8/09                   **THE CALIFORNIA DEPARTMENT OF MOTOR**
                                    **VEHICLES**
20

21

22                                  By_____

23

24  DATED:                          **WIND RIVER ENTERPRISES, INC. dba NORTH**
                                    **BAY AUTO AUCTION**
25

26

27                                  By:_____

28

                                    8

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

I:\DOCS\8150\065\Pld 002 Stipulation.wpd

05/09/2009  10:55   7079642075                      NBAA                              PAGE  02/02

| | |
|---|---|
| 1   DATED: | **BANK OF STOCKTON** |
| 2 | |
| 3 | By_____ |
| 4 | |
| 5   DATED: | **GERALD THORP, an individual** |
| 6 | |
| 7 | By_____ |
| 8 | |
| 9   DATED: | **WESTLAKE SERVICES, INC., dba WESTLAKE** |
| 10 | **FINANCIAL SERVICES** |
| 11 | |
| 12 | By:_____ |
| 13 | |
| 14 | |
| 15   DATED: | **JOHN J. FERRAIOLO, SR. dba AUTO FACTORY** |
| 16 | |
| 17 | By:_____ |
| 18 | |
| 19   DATED: | **THE CALIFORNIA DEPARTMENT OF MOTOR** |
| 20 | **VEHICLES** |
| 21 | |
| 22 | By_____ |
| 23 | |
| 24   DATED:  6-9-09 | |
| 25 | **WIND RIVER ENTERPRISES, INC. dba NORTH** |
| 26 | **BAY AUTO AUCTION** |
| 27 | |
| 28 | By: _____ |

8

STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON
I:\DOCS\8150\0653\P14 002 Stipulation.wpd

1

2    DATED:   June 8, 2009          MANHEIM'S BAY CITIES AUTO AUCTION

3

4                                   By: _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\065\Pld 002 Stipulation.wpd

**ORDER**

**IT IS HEREBY ORDERED** that the Clerk of the Court shall disburse the balance of the Bond now deposited with this Court as follows:

1.    $ 7,500.00 payable to Great American Insurance Company.

2.    $ 865.00 payable to the California Department of Motor Vehicles.

3.    $ 4,592.91 payable to Bank of Stockton.

4.    $ 13,425.43  payable to Fireside Bank.

5.    $ 7,299.25 payable to Westlake Financial Services.

6.    $ 1,629.97 payable to Wind River Enterprises, Inc. dba North Bay Auto Auction.

7.    $ 5,686.82 payable to John J. Ferraiolo, Sr. dba Auto Factory.

8.    $ 2,447.82 payable to Gerald Thorp.

9.    $ 6,552.80 payable to Manheim's Bay Cities Auto Auction.

**FURTHER, IT IS HEREBY ORDERED** that the interest accrued on the balance of the Bond now deposited with the Court shall be disbursed evenly amongst Bank of Stockton; Fireside, Westlake, Wind River, Auto Factory, Gerald Thorp, and Manheim.

**FURTHER, IT IS HEREBY ORDERED** that Great American Insurance Company is discharged from further liability on the motor vehicle dealer bond No.397-89-17-985044 filed on behalf of Theodore Thomas Kevin Rivas dba Bridgeside Motors and is hereby exonerated.

Disbursement checks shall be mailed care of each party's attorney of record, or to the party directly if the party has appeared in pro se. Upon disbursal, the Complaint in Interpleader shall be dismissed with prejudice.

Dated: June 12, 2009 _____

_____
JUDGE OF THE U.S. DISTRICT COURT

10

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\065\Pld 002 Stipulation.wpd